# Cases

# THIRD DEPARTMENT

AT

# GENERAL TERM

## May, 1892.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
A. FILKINS HOSE COMPANY No. 6, OF THE CITY OF
AMSTERDAM, AND OTHERS, APPELLANTS, *v.* WILLIAM H.
SON, AS TREASURER OF THE FIRE DEPARTMENT OF THE CITY
OF AMSTERDAM, RESPONDENT.

*Fire department — apportionment of insurance premiums — a resolution of village
trustees determining their disposition — it is not rescinded when the village became a
city — Laws of* 1854, *chap* 389; 1875, *chap.* 582; 1885, *chap.* 131.

Chapter 465 of the Laws of 1875, as amended, makes it the duty of a fire insurance
agent to pay a certain percentage of the premiums received for insurance on the
property of the city or village in which he transacts business to the treasurer of
the fire department of such city or village.

Under the charter of the village of Amsterdam, authorizing its trustees to organize
a fire department, and to prescribe the powers and duties of its companies, the
treasurer of its fire department was made an officer of the village, and was
authorized to receive all moneys belonging to the department, and to pay over
the same to the several companies composing said fire department as they shall
be entitled to the same. The trustees by resolution determined that the moneys
accruing from the percentage paid on fire insurance premiums should be distrib-
uted among the companies in proportion to their maximum numbers as fixed by
the trustees, the different companies differing in the number of members in each.

In 1885 Amsterdam was incorporated as a city, and by the charter the village
department became that of the city, and the existing resolutions of the trustees,
including the resolution in question, were continued in force.

322    PEOPLE ex rel. FILKINS HOSE CO. v. SON.

THIRD DEPARTMENT, MAY TERM, 1892.

Upon an application by the hose companies, which contained the smaller numbers of men, to share equally with the others in the fund:

*Held*, that the fire department was a subordinate governmental agency of the village, and subsequently of the city, and as such was subject to the action of the trustees.

That as their resolution was a proper exercise of authority on their part, and had never been rescinded by the common council, the disposition of the money directed by it must stand as a proper exercise of power.

APPEAL by the relators, A. Filkins Hose Company No. 6, Emerald Hose Company No. 5, The Eckford Hook and Ladder Company No. 1 and J. J. Gray Hose Company No. 7, all of the city of Amsterdam, from an order of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 24th day of February, 1892, denying a motion for a peremptory writ of *mandamus* and dismissing a writ of alternative *mandamus* requiring William H. Son, treasurer of the fire department of the city of Amsterdam, to pay to each of the relators $113 for its share of certain insurance moneys or to show cause to the contrary.

*Edward J. Maxwell*, for the appellants.

*C. S. Nisbet*, for the respondent.

MAYHAM, P. J:

The contest in this case arises out of a disagreement as to the proper division and distribution of the funds received by the respondent as treasurer of the fire department of the city of Amsterdam, from the agents of insurance companies, under the provisions of chapter 465 of the Laws of 1875, and the various amendments thereto.

That act makes it the duty of every agent doing a fire insurance business within the limits of any city or incorporated village to annually pay to the treasurer of the fire department of such city or village two dollars on every hundred dollars of premiums received for insurance on property located in such city or village. The defendant, as such treasurer, received the sum in controversy under that law, and the relators insist that they, consisting of the various hose and hook and ladder companies of the city, shall each share that fund equally with all other engine and fire companies in the city.

PEOPLE ex rel. FILKINS HOSE CO. v. SON.    323

THIRD DEPARTMENT, MAY TERM, 1892.

The statute under which this money is required to be paid to the treasurer of the fire department or to the treasurer of the village or city, when the fire department has no treasurer, does not indicate or direct how this fund shall be distributed among, or be used by the fire companies constituting the fire department of the cities or villages to whose treasurer it is required to be paid. We must, therefore, look to the city or village charter or to the authorized acts of the city government, or the fire department for some ordinance, resolution, rule or custom, for the distribution of this fund.

The answer to the alternative writ denies that all of the relators are members of or constitute a part of the fire department of the city of Amsterdam, and alleges that of the relators, who are duly incorporated and do constitute a part of the fire department, they are not as companies to share equally in such fund with all the other fire or engine or steamer companies, and that such fund is not to be divided equally by companies, but *per capita* in proportion to the maximum number of men in each company; and that by regulation long established, and acted upon by the village of Amsterdam, and since its incorporation as a city, acquiesced in and adopted by it, the maximum membership of a steamer and hose company was and is one hundred men, and of each hose company thirty men, and of each hook and ladder company forty men, and this fund has, by resolution of the department and uniform usage, been distributed to the companies in proportion to their respective number of members. Upon the issue thus framed, the referee to whom it was referred found as facts, that all of the organizations named as relators are members of the fire department; and that the fire department was originally established by the board of trustees of the village of Amsterdam, who fixed by resolution, some time prior to the year 1875, the maximum number of the several companies to consist of a hundred men to each steamer and hose company, thirty men to each hose company and forty men to each hook and ladder company; and that the fire department of the village became the fire department of the city of Amsterdam on its incorporation.

The referee also found as a fact that the board of trustees of the village of Amsterdam, by resolution, directed that the moneys received from foreign insurance companies be divided among the

324 PEOPLE ex rel. FILKINS HOSE CO. v. SON.

Third Department, May Term, 1892.

several companies composing the fire department *pro rata*, in proportion to the number of members of said companies as fixed by the board of trustees; and that such resolution has never been rescinded by the board of trustees or the common council of the city of Amsterdam.

The referee also found that, prior to the commencement of this action, the firemen, at an annual meeting, voted to rescind a resolution that had been passed by them in 1888, providing that the insurance moneys be divided *pro rata* among the several companies in proportion to their number of members.

The referee found, upon the facts of this case, that, as matter of law, the trustees of the village and the common council of the city of Amsterdam had authority to regulate the number of members of the various fire companies in the village and city, and to apportion and distribute this insurance fund ; and that the fire department had no power or authority to apportion this fund among the various companies composing the fire department; and held that the relators were not entitled to a peremptory *mandamus*, and that the defendant was entitled to judgment dismissing the alternative writ.

By the charter of the village of Amsterdam (chap. 389, Laws of 1854) the trustees of the village were authorized to organize and establish a fire department. Subdivision 33 of section 3 of title 3 of the charter provides as follows: The board of trustees are authorized " to organize and establish a fire department, to be composed of one or more fire, hook and ladder, bucket and hose companies in said village * * * and to prescribe the powers and duties of each of said companies and of all the members thereof." It is true that by this subdivision the maximum in each company was not to exceed sixty men, and we have not been referred to any statutory authority conferred upon the board of trustees to increase the number in any case to 100.

By chapter 582 of the Laws of 1875, the treasurer of the fire department of the village of Amsterdam was made one of the officers of such village, and by section 3 of that act he was authorized to collect and receive all moneys belonging to, or that may grow due to that department, and pay the same over to the several companies composing said fire department as they shall be entitled to the same.

As there is no statute definitely defining the methods of distribu-

PEOPLE ex rel. FILKINS HOSE CO. *v.* SON.     325

Third Department, May Term, 1892.

tion of this insurance fund, and as the fire department was the creation of the board of trustees, which, by the statute above referred to, had authority to prescribe the powers and duties of each of said companies and all the members thereof, it was but a reasonable exercise. of that power to direct the manner in which a subordinate officer of the village should distribute that fund.

As we have seen, the referee finds, as a fact, that the board of village trustees assumed to and did exercise that power, and by resolution directed the payment of such money to the companies in proportion to their maximum members as fixed by such board, and that method of distribution was for some time followed and acquiesced in by the members of the fire department and was in operation at the time of the adoption of the city charter in 1885.

By that charter the common council took the place of the village trustees, with the same or increased powers conferred by statute, and it was, by section 104 of that charter, empowered to establish and maintain an efficient fire department and make all necessary rules and regulations for the government and discipline of the same, and by section 108 of the charter the fire department of the village of Amsterdam became the fire department of the city.

The common council have never rescinded the resolution of the board of trustees in relation to the distribution of this fund, and if that resolution was authorized and valid it is by the express terms of the charter still operative. Section 128 of the charter (chap. 131, Laws of 1885), provides that "The existing ordinances, by-laws, resolutions and regulations of the trustees of the village of Amsterdam, as the same shall be in force when this act shall take effect, shall be and continue in force, and shall have the same force and effect * * * as if duly adopted, passed and published by the common council of said city, until the same shall be repealed by the common council of said city."

If we are right in our construction that the board of village trustees, under its general supervisory power of the fire department, could regulate the distribution of this fund, so long as they acted in harmony with the general scope and purpose for which this money was given, which, manifestly, was to improve the efficiency of the various fire departments of the cities and villages of this State, then it follows that the resolution passed by that board must remain

326     PEOPLE ex rel. FILKINS HOSE CO. v. SON.

THIRD DEPARTMENT, MAY TERM, 1892.

operative until the same is repealed, either by them or their successors in authority, the common council of this city. It has been held that the treasurer of the fire department should, under the directions of the trustees of the village or common council of the city, pay over all the moneys received or recovered under the first, second and third sections of chapter 465 of the Laws of 1875, to the fire department of the city or incorporated village in which the department is located. (*Trustees of Exempt Firemen's Fund* v. *Roome*, 29 Hun, 396.) And in this case, on appeal to the Court of Appeals, that court, in discussing the relation which a fire department in a city or village bears to the municipality, use this language in speaking of firemen and fire companies: "Their duties were public duties; the service they rendered was a public service; their appointment came from the common council * * * they were liable to removal by the authority which appointed them, and were intrusted with the care and management of the apparatus owned by the city. They were at least a public body, and, perhaps, are best described as a subordinate governmental agency." (93 N. Y., 319.)

Tested by these reasons, we see no ground for holding in this case that the board of trustees of the village did not possess the power to make the order they did, in relation to the distribution of these funds; and, as that order has not been revoked or modified by the common council, it must be regarded as still in force, and the money should be disposed of by the defendant under its directions.

Having reached this conclusion, it is unnecessary to determine whether or not proceeding by *mandamus* was the proper remedy for the relators.

The order denying the peremptory writ of *mandamus* and quashing the alternative writ must be affirmed, with fifty dollars costs and disbursements.

PUTNAM, J., concurred; HERRICK, J., concurred in result.

Order affirmed, with fifty dollars costs and disbursements.